THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VLADIK BYKOV, | CASE NO. C15-0713-JCC |
| Plaintiff, | ORDER |
| v. | |
| STEVEN ROSEN, *et al.*, | |
| Defendants. | |

This matter comes before the Court on the mandate from the Ninth Circuit Court of Appeals (Dkt. No. 55). The Court of Appeals affirmed this Court's dismissal of Plaintiff Vladik Bykov's claims. (Dkt. No. 54 at 2-4.) However, the Court of Appeals remanded the case for this Court to consider whether Bykov should be given an opportunity to amend the following claims: (1) legal malpractice as to Defendant Micheline Murphy, Bykov's attorney; (2) negligent hiring and supervision as to Defendant Marcus Naylor, Murphy's supervisor; (3) constitutional right to medical privacy claim against Defendant City of Seattle (the City); and (4) discrimination claims under the Americans With Disabilities Act (ADA) and Washington Law Against Discrimination (WLAD) against Defendants Judge Steven Rosen, Probation Officer Brian Rogers, and the City. (*Id.* at 4.) The Court of Appeals further directed this Court to consider whether Bykov alleged plausible claims for relief against Judge Rosen and Rogers under the First, Fourth, and Fourteenth Amendments. (*Id.* at 4-5; *see also* Dkt. No. 8 at 9-13.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

1. Legal Malpractice Claim Against Murphy

Bykov alleged that Murphy negligently represented him in the probation hearings underlying this suit. (Dkt. No. 8 at 13.) The Court found that many of Bykov's allegations as to Murphy's negligent representation were contradicted by judicially noticed documents. (Dkt. No. 49 at 6.) To the extent Bykov's claims were based on contradicted allegations, no amendment could save them and he shall not be granted leave to amend. The Court found that the remaining allegations—*e.g.*, that Murphy failed to "file proper motion(s) to have Mr. Bykov released from jail," "make proper legal arguments," or "properly object"—were too conclusory to constitute a valid claim. (*Id.* at 7.) It is conceivable that an amendment could save this claim if Bykov were to make his allegations more precise. **Thus, the Court GRANTS Bykov leave to amend his legal malpractice claim against Murphy, but only to the extent that his allegations do not contradict the documents judicially noticed by this Court.**

2. Negligent Hiring and Supervision Claim Against Naylor

Bykov alleged that Naylor negligently hired and supervised Murphy. (Dkt. No. 8 at 14-15.) He stated that Naylor "was Ms. Murphy's supervisor from the beginning. Mr. Naylor, as Ms. Murphy's supervisor, was or should have been aware of the facts related to Mr. Bykov's case and could have counselled Ms. Murphy on Mr. Bykov's rights or taken action himself." (*Id.* at 8.) The Court noted that Washington law was unclear as to whether a supervisor can be directly liable for negligent supervision and negligent hiring. (Dkt. No. 49 at 3.) There were two paths Washington courts could follow. (*Id.* at 4.) This Court did not need to determine which was correct, ultimately concluding that the claim should be dismissed under either one. (*Id.*)

The Court first noted that vicarious liability does not attach to a supervisor in Washington. (*Id.*) If Washington courts considered negligent supervision and hiring to be analogous to vicarious liability, Bykov's claim could not be maintained. (*Id.*) On the other hand, Washington courts could extend the doctrines to supervisors who qualify as "masters," which are liable under Washington law. (*Id.*) Under that approach, the Court found that Bykov failed to

allege sufficient facts to show that Naylor was Murphy's "master," *i.e.*, that he engaged Murphy to work at his command and controlled how her work was done. (*Id.*)

If the latter approach was followed, it is conceivable that Bykov's claim could be saved by an amendment further detailing the nature of Naylor's supervision. **Accordingly, the Court GRANTS Bykov leave to amend his negligent hiring and supervision claim against Naylor, and the proper legal standard can be determined after more sufficient briefing.**

   3. <u>Discrimination and Constitutional Claims Against Judge Rosen and Rogers</u>

Bykov made several allegations against Judge Rosen and Rogers, including that they violated his constitutional right to privacy, discriminated against him in violation of the ADA and WLAD, and violated his First, Fourth, and Fourteenth Amendment rights. (Dkt. No. 8 at 9-17.) The Court held that judicial immunity protected Judge Rosen and Rogers from suit, reasoning that the judicially noticed records demonstrate that Judge Rosen and Rogers were acting in their official capacity when they recommended, ordered, and enforced the condition requiring Bykov to release his medical records. (Dkt. No. 50 at 8.) The Court can imagine no amendment that would negate the clear judicial nature of Judge Rosen's and Roger's actions underlying this suit. **Thus, the Court DENIES Bykov leave to amend any of his claims against Judge Rosen or Rogers.**

   4. <u>Right to Medical Privacy & Discrimination Claims Against the City</u>

Bykov alleged that Judge Rosen and Rogers violated his constitutional right to medical privacy and his right against discrimination under the ADA and WLAD, and that the City, as their employer, was vicariously liable for those violations. (Dkt. No. 8 at 12, 14-15.)

As to the constitutional claim, the Court held that Bykov failed to allege that the City had an official policy or custom that caused his injury, a necessary element of a 42 U.S.C. § 1983 claim against a municipality. (Dkt. No. 50 at 9.) The Court now considers whether, if Bykov amended his claim to allege such a policy or custom, the amendment would be futile. The challenged conduct here was a judge's and probation officer's imposition and enforcement of a

probationary term requiring a defendant to produce a medical record. However, under federal and Washington law, this conduct is permissible if reasonable under the circumstances. *See United States v. Knights*, 534 U.S. 112, 119 (2001) ("[A] court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens."); *United States v. Lopez*, 258 F.3d 1053, 1057 (9th Cir. 2001) ("The sentencing judge could well conclude that disclosure to the court and to the probation officer of information about Lopez's [mental health] status was necessary for successfully supervising his reintegration into society. . . .  The court was justifiably concerned about whether Lopez was going to be a danger, or whether he would adjust to the freedom and conditions of supervised release."); *State v. Wilkerson*, 31 P.3d 1194, 1197-98 (Wash. Ct. App. 2001) (upholding term imposed by probation department that required defendant to undergo sexual deviancy evaluation). Here, Judge Rosen and Rogers were justifiably concerned about whether Bykov would pose a danger to others and how he would adjust to his suspended sentence. Their conduct was permissible; thus, any City policy or custom requiring such conduct would also be permissible. The Court can imagine no amendment that would cure the defects in Bykov's claim. **The Court DENIES him leave to amend his constitutional right to medical privacy claim against the City.**

As to the discrimination claims, the Court found that the evidence showed sentencing and probationary motives on behalf of Judge Rosen and Rogers—not discriminatory ones. (Dkt. No. 50 at 9.) The Court further noted that Bykov alleged no discriminatory motivation. (*Id.*) Indeed, Bykov would be unable to allege such a motivation without directly contradicting the judicially noticed records. As such, no amendment would save this claim. **The Court DENIES Bykov leave to amend his discrimination claims against the City.**

     5.  <u>Conclusion</u>

In sum, the Court GRANTS Bykov leave to amend his legal malpractice claim against Murphy and his negligent supervision and hiring claim against Naylor. The Court DENIES

Bykov leave to amend his claims against Judge Rosen and Rogers, as well as his vicarious liability claims against the City.

**Bykov shall submit his amended complaint within 45 days of this order's issuance. He is cautioned that the judicially noticed records still stand and no allegations contradicting those records shall be permitted.**

DATED this 25th day of July, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 5