UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VLADIK BYKOV, | CASE NO. C15-0713-JCC |
| Plaintiff, | ORDER |
| v. | |
| STEVEN G. ROSEN and his marital community, MICHELINE MURPHY and her marital community, MARCUS NAYLOR and his marital community, BRIAN ROGERS and his marital community, and CITY OF SEATTLE, | |
| Defendants. | |

This matter comes before the Court on Defendants Micheline Murphy, Marcus Naylor, and their marital communities' ("Defendants") motion to strike portions Plaintiff's Second Amended Complaint ("SAC") (Dkt. No. 63) and Plaintiff's motion to strike portions of Defendants' briefing (Dkt. Nos. 71 at 2, 74 at 1–3). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part Defendants' motion and DENIES Plaintiff's motions.

## I. BACKGROUND

The Court dismissed Plaintiff's First Amended Complaint for failure to state a claim and because the allegations contradicted judicially noticed records. (*See generally* Dkt. No. 49.) On

appeal, the Ninth Circuit affirmed the dismissal but remanded for the district court to consider whether Plaintiff should be granted leave to amend certain claims. (Dkt. No. 54 at 2–4.) Accordingly, the Court granted Plaintiff leave to amend his claim against Murphy for legal malpractice, but only to the extent that his allegations do not contradict judicially noticed records. (Dkt. No. 56 at 2–4.) The Court also granted Plaintiff leave to amend his negligent hiring claim by further detailing the nature of Naylor's supervision. (*Id.* at 2–3.) The Court denied Plaintiff leave to amend his discrimination claims. (*Id.* at 4.) Plaintiff then filed his SAC (Dkt. No. 59). The Court struck all claims against Defendants Rosen and Rogers in the SAC as inconsistent with this prior order. (Dkt. No. 75.)

## II.    DISCUSSION

### A.  Defendants' Motion to Strike

Defendants ask the Court to strike portions of the SAC that breach the Court's order granting Plaintiff leave to amend his complaint. (Dkt. No. 63 at 3.) A court may strike any "redundant, immaterial, impertinent or scandalous matter" from a pleading. Fed. R. Civ. P. 12(F). This includes striking any part of the prayer for relief when the relief sought is not recoverable as a matter of law. *Bureering v, Uvawas*, 922 F. Supp. 1450, 1479 n. 34 (C.D. Cal. 1996).

The Court constrained Plaintiff's leave to amend his pleadings to assertions that do not contradict judicially noticed records. (*See generally* Dkt. No. 56.) Judicially noticed records include State court proceedings and rulings pertaining to Plaintiff's probation hearings and appeals.[1] (Dkt. No. 49 at 6.) In these records are State court findings that the trial court did not exceed its jurisdiction or violate Plaintiff's right to privacy by ordering him to complete a mental health evaluation and treatment or sign a medical release of information while on probation. (Dkt. No. 20-3 at 64, 78). Upon taking judicial notice of these findings, this Court concluded

---

[1] The Ninth Circuit upheld this Court's taking of judicial notice of these records. (Dkt. No. 54 at 5.)

that, as a matter of law, "an attorney does not commit legal malpractice by failing to object to such authority." (Dkt. No. 49 at 7.) Furthermore, this Court took judicial notice of the Washington Court of Appeals' finding that the trial court acted reasonably in violating Plaintiff's probation for his refusal to provide medical records. (*Id*. at 8.)  Finally, this Court held that judicially noticed documents preclude any allegations of discriminatory motivation or claims that Murphy failed to inform the State court that Plaintiff signed a medical release after being incarcerated. (Dkt. Nos. 56 at 4, 49 at 7.) Any assertion in Plaintiff's SAC contrary to these holdings violates the Court's order granting leave to amend.

Plaintiff's claim that no part of his SAC violates this Court's prior order misunderstands the order, the above-referenced records, and the Ninth Circuit's remand order. (*See* Dkt. No. 71 at 1–2.) The Court, through judicially noticed records, established that the trial court acted reasonably and within its authority when it required Plaintiff to sign a medical release as part of a probation condition. (Dkt. No. 49 at 7–8.) The Court found that Plaintiff's argument to the contrary was collaterally estopped based on these records. (*Id*. at 8.) The Ninth Circuit did not overrule this holding. (*See generally* Dkt. No. 54.) Therefore, Plaintiff's claims based on allegations that the trial court did not have authority to require him to sign a medical release, and that such a release was not a condition of probation, contradict judicially noticed records.

"A party may amend its pleading [a second time] only with opposing party's written consent or the court's leave." Fed. R. Civ. Pro. 15(a)(2). The Court limited Plaintiff's leave to amend legal malpractice and negligent hiring claims and denied leave to amend discrimination claims. (Dkt. No. 56 at 2–4.) Thus, the Court will strike portions of the SAC that clearly and directly contradict these limitations as immaterial and impertinent.[2] *See* Fed. R. Civ. P. 12(f).

---

[2] Some portions included in Defendants' motion to strike have already been stricken from the SAC by this Court's order granting Defendants' Rosen and Rogers' motion to strike (Dkt. No. 62). These include dismissed causes of action 1, 2, 3, 5, 7, 8, 9, and 11, which name only Defendants Rosen and Rogers. The Court will not address these causes of action here.

### B. Plaintiff's Motions to Strike Portions of Briefing

Plaintiff's response and surreply include motions to strike portions of Defendants' motion and reply. (Dkt. Nos. 71 at 2, 74 at 1–3.) First, the Ninth Circuit did not overturn the Court's reliance on collateral estoppel, as Plaintiff asserts. (*See* Dkt. Nos. 59, 71 at 2.) Second, contested portions of Defendants' briefs consist of proper argument before the Court. (*See* Dkt. Nos. 71 at 2, 74 at 1–3.)

## III.   CONCLUSION

For the foregoing reasons, Defendants' motion to strike (Dkt. No. 63) is GRANTED in part.[3] The following portions of Plaintiff's Second Amended Complaint (Dkt. No.  59) are hereby STRICKEN:

(a) "and discriminatory animus" in paragraph 3;

(b) the word "illegal" in the second and third sentences of paragraph 19, and in
   paragraphs 20, 22, 23, 27, and 56;

(c) the second sentence of paragraph 19;

(d) "he had no legal authority to obtain his records" in paragraph 24;

(e) the first sentence of paragraph 29;

(f)  paragraphs 30 and 31;

(g) the second and third sentences of paragraph 34;

(h) the last sentence of paragraph 41;

(i)  the third and fourth sentences in paragraph 56;

(j)  paragraphs 95, 97, 99, 100, 101, 102, 103, 104, and 106.

Plaintiff's requests to strike (Dkt. Nos. 71 at 2, 74 at 1–3) are DENIED.

//

---

[3] The Court strikes only portions of the SAC that clearly and directly contradict judicially noticed records, erring on the side of permitting allegations that could potentially be construed as consistent with the Court's order granting leave to amend.

ORDER
C15-0713-JCC
PAGE - 4

DATED this 28th day of November 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE