THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VLADIK BYKOV, | CASE NO. C15-0713-JCC |
| Plaintiff, | ORDER |
| v. | |
| STEVEN G. ROSEN and his marital community, MICHELINE MURPHY and her marital community, MARCUS NAYLOR and his marital community, BRIAN ROGERS and his marital community, | |
| Defendants. | |

This case comes before the Court on Plaintiff's motion for reconsideration (Dkt. No. 91) of this Court's order dismissing remaining state law claims without prejudice (Dkt. No. 93). "Motions for reconsideration are disfavored." W.D. Wash. Local Civ. R. 7(h). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.*

Plaintiff argues the Court committed manifest error in dismissing his claims because: (1) the Court retains original jurisdiction over portions of his state law claims, and (2) the Court failed to undertake sufficient analysis when it declined to exercise supplemental jurisdiction over

remaining. (Dkt. No. 93 at 1–2.) Neither argument merits a reconsideration of the Court's order.

The Court does not have original jurisdiction over the remaining claims in this matter. Plaintiff asserts that his legal malpractice claims fall under a narrow exception allowing a federal court to exercise original jurisdiction over state-law claims that necessarily turn on issues of federal law. (Dkt. No. 93 at 3.) However, this Court has dismissed the majority of the claims that Plaintiff asserts fall under this exception.[1] (Dkt. Nos. 49 at 7, 56 at 2.) The Court also struck these claims when Plaintiff's Second Amended Complaint re-alleged them without the Court's leave. (Dkt. No. 79 at 2–3.) That Plaintiff has flaunted this Court's orders and continued to assert these arguments does not provide a basis for original jurisdiction.

Remaining issues of federal law are not significant enough to merit federal-question jurisdiction. The Supreme Court has narrowly construed federal courts' jurisdiction under 28 U.S.C. § 1331. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg,* 545 U.S. 308, 308, 311–312 (2005); *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). A federal court may exercise original jurisdiction over a state-law claim only where the claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing a congressionally approved balance of federal and state judicial responsibilities." *Grable,* 545 U.S. at 314.

The only remaining relevant assertions in Plaintiff's Second Amended Complaint are that Ms. Murphy committed malpractice by failing to inform Judge Rosen that: (1) his refusal to allow Plaintiff to write an objection on his signed medical waiver violated the First Amendment, and (2) his failure to ascertain whether Plaintiff would waive his rights before being incarcerated violated the Fourteenth Amendment. (Dkt. No. 59 at ¶¶ 96, 105.) Resolution of these claims will

---

[1] The Court dismissed legal malpractice claims based on Plaintiff's attorney's failure to raise federal constitutional and statutory objections to Judge Rosen's actions. (Dkt. Nos. 49 at 7, 79 at 2–3.) Multiple state courts concluded that Washington courts have the authority to order reasonable psychiatric treatment as a condition of probation, and Judge Rosen acted reasonably under this authority. (Dkt. No. 49 at 7.) On this basis, this Court concluded that, as a matter of law, an attorney does not commit legal malpractice by failing to make an objection to such authority based on the United States or Washington constitutions, ADA, or WLAD. (Dkt. No. 49 at 7.) The Court denied Plaintiff leave to amend these claims. (Dkt. No. 56 at 2.)

not, as Plaintiff claims, necessarily require a determination as to whether Plaintiff's constitutional rights were violated. (*See* Dkt. No. 93 at 2.) The actual and substantial disputed issues here are whether Plaintiff can state a viable legal malpractice claim under Washington law without showing he has obtained post-conviction relief, and whether he can show that Ms. Murphy's failure to raise these constitutional arguments proximately caused his detention. *See generally Ang v. Martin*, 114 P.3d 637 (Wash. 2005) (discussing the elements of a Washington legal malpractice claim); (Dkt. Nos. 80, 86). The Court did not commit manifest error by finding that Plaintiff's state-law claims, which will not turn on substantial questions of federal law, did not give rise to federal-question jurisdiction. *See Grable*, 545 U.S. at 312.

The Court properly exercised its discretion in dismissing Plaintiff's remaining state law claims. The Court undertook case-specific analysis "to determine whether denying supplemental jurisdiction [comported] with the underlying objective of most sensibly [accommodating] the values of economy, convenience, fairness and comity." *Bahrampour v. Lampert*, 356 F.3d 969, 978–79 (9th Cir. 2004). Given the novel issues of state law Plaintiff's arguments raise[2] and the posture of the case, the Court determined that these factors weighed in favor of declining to exercise its discretionary jurisdiction. *See* 28 U.S.C. § 1367(c)(1),(3). That Plaintiff disagrees with this analysis makes it neither conclusory nor manifest error.

Therefore, Plaintiff's motion for reconsideration (Dkt. No. 93) is DENIED.

DATED this 7th day of February 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff argues for an exception to the requirement under Washington law that he establish that he has obtained post-conviction relief in order to bring a legal malpractice claim. (*See* Dkt. No. 86.)

ORDER
C15-0713-JCC
PAGE - 3